Mines and Miners' Act of 1907 (corresponding section of Act of 1911, J. & A. ¶ 7489), *held* under the facts of the case that the question whether the violation of the statute was the proximate cause of the injury was a question for the jury.       ·

## Lawrence D. Benedict, Appellant, v. John H. Holmes et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 5, 1914.

### Statement of the Case.

Action by Lawrence D. Benedict against John H. Holmes and C. J. Keiser upon the following written instrument:

"In consideration of the purchase price paid to us for the timber described in attached bill of sale, said timber standing on Sections 2, 3, 10 and 11, Township 31 North, of Range 9 West, we hereby agree to indemnify L. D. Benedict, his heirs or assigns, against any loss or damage which may be caused him by reason of the existence of any mortgage or incumbrance on the above described premises.

(Signed)    C. J. KEISER,
              J. H. HOLMES."

Defendants sold by bill of sale to plaintiff the timber standing upon about three hundred acres of land for the purchase price of $2,250. These lands, together with others, were incumbered with mortgages. After the bill of sale was executed and delivered, the agreement above set out was executed. Plaintiff began to remove timber from the land and cut timber therefrom for nearly a year, when a bill was filed to foreclose the mortgage and plaintiff was enjoined from

removing any timber from the premises. Plaintiff procured a modification of the injunction to the extent of permitting him to remove from the premises the timber remaining thereon which had been cut. The case was tried before the court, without a jury, who found the issues in favor of plaintiff and assessed his damages at $2,522.70. This amount includes the original purchase price together with interest thereon, the attorney's fees and expenses paid by plaintiff in procuring the modification of the injunction in the foreclosure suit.

Plaintiff not being satisfied with the amount of the judgment, appeals.

Rinaker & Rinaker, for appellant.

L. M. Harlan, L. S. Harvey and Peebles & Peebles, for appellees.

Mr. Justice Eldredge delivered the opinion of the court.

## Abstract of the Decision.

1. Indemnity, § 3*—*when agreement without consideration*. A written agreement by vendors reciting that in consideration of the purchase price paid to us for standing timber "described in attached bill of sale, * * * " we agree to indemnify the purchaser against loss or damage which may be caused him by reason of the existence of any incumbrance on the premises, *held* to be without sufficient consideration since the only consideration for the agreement was the executed bill of sale.

2. Appeal and error, § 1078*—*necessity of assignment of cross-errors*. On appeal from a judgment allowing a recovery on an indemnity contract which has no sufficient consideration to support it, the Appellate Court must affirm the judgment where no cross-errors are assigned.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.